UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BURCH,

        Petitioner,

v.                                       CASE NO. 2:11-CV-10427
                                       HONORABLE ARTHUR J. TARNOW

TERRY O'BRIEN and BILL SCHUETTE,

        Respondents.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

### I.  Introduction

This is a federal habeas case brought pursuant to 28 U.S.C. § 2254. Federal prisoner Daniel Burch ("Petitioner") challenges his state conviction and sentence in this action. Petitioner was convicted of carjacking, MICH. COMP. LAWS § 750.529a, pursuant to a guilty plea in the Oakland County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 20 to 50 years imprisonment in 2006. In his pleadings, Petitioner raises claims concerning the voluntariness of his plea, the validity of his sentence, and the effectiveness of trial and appellate counsel. For the reasons set forth, the Court denies the habeas petition and denies a certificate of appealability.

### II.  Facts and Procedural History

Petitioner's conviction arises from his forceful theft of a GMC Sonoma from a man in Madison Heights, Michigan on May 15, 2003 as he and his co-defendants were fleeing the police following an armed bank robbery.[1] Petitioner entered his guilty plea on January 5, 2006,

---

[1] Petitioner is currently serving consecutive sentences of 84 months (14 years total) in federal prison for the bank robbery and weapon offenses.

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

admitting that he forcefully took the vehicle from its driver and that he was a habitual offender with two prior state felony drug convictions. On January 20, 2006, the trial court sentenced Petitioner as a third habitual offender to 20 to 50 years imprisonment, to run consecutively to his federal sentences.

Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals raising sentencing claims, which was denied "for lack of merit in the grounds presented." *People v. Burch*, No. 275178 (Mich. Ct. App. Feb. 21, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Burch*, 480 Mich. 886, 738 N.W.2d 231 (2007).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising claims concerning the voluntariness of his plea, the validity of his sentence, and the effectiveness of trial and appellate counsel. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3) finding that Petitioner had failed to establish actual prejudice. *People v. Burch*, No. 2005-205988-FC (Oakland Co. Cir. Ct. March 31, 2008). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Burch*, No. 291227 (Mich. Ct. App. July 7, 2009). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Burch*, 485 Mich. 1079, 777 N.W.2d 165 (2010).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. Unknowing and involuntary guilty plea due to the ineffective assistance of counsel and breach of plea agreement.

2

    II.    Sentence imposed in violation of due process, *Blakely*, and ineffective assistance of counsel.

Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit. Petitioner has filed a reply to that answer.

### III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409; *see also Pinchon v. Myers*, 615 F.3d 631, 638–39 (6th Cir. 2010) (same). A federal habeas court may not "issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410–11.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). The AEDPA thus "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state[-]court's decision." *Harrington v. Richer*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that it "bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, 131 S. Ct. at 786. Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v.*

4

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

*Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring in judgment)).  Thus, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's denial "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 786–87.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.**   **Analysis**

**A.**   **Procedural Default**

As an initial matter, Respondent contends that some of Petitioner's claims are procedurally defaulted.  It is well-settled that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  The Supreme Court has explained the rationale behind such a policy:  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  *Lambrix*, 520 U.S. at 525.  In this case, the substantive issues are easier to resolve.  Accordingly, the Court shall proceed to the merits of Petitioner's claims.

5

**B.      Plea Claims**

Petitioner first asserts that he is entitled to habeas relief because his guilty plea was unknowing and involuntary due to the ineffectiveness of trial counsel and breach of a plea agreement. In particular, he claims that he was led to believe that he would be sentenced to 81 months in prison and that is why he agreed to plead guilty.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state trial court addressed this issue in denying Petitioner's motion for relief from judgment and determined that his plea was knowing and voluntary. The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2] The state court record reveals that

---

[2]The Court would reach the same result under a *de novo* standard of review. The same is true for all of Petitioner's claims.

6

Daniel Burch v. Becky Clay and Bill Schuette<br>Case No. 2:11-CV-10427

Petitioner's guilty plea was knowing, intelligent, and voluntary. Petitioner was 36 years old at the time of his plea and was familiar with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the charge and the fact that there was no plea or sentencing agreement. The court specifically explained that the minimum sentence was a term of years (not 81 months) and that the maximum sentence was life imprisonment. Petitioner indicated that he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything else to induce his plea. He admitted his guilt and signed a written plea form. Petitioner has not shown that his plea was unknowing or involuntary. The fact that he was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

      Petitioner is also not entitled to relief on any claim that his plea was involuntary due to the ineffective assistance of counsel. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner

7

must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must also demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 788. The Supreme Court has also emphasized the extraordinary deference to be afforded trial counsel in plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at

8

the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

The record does not support Petitioner's claim that his guilty plea was unknowing or involuntary because defense counsel misadvised him about his possible sentence or coerced him to accept a plea. At the plea hearing, defense counsel confirmed that the minimum sentence was for a term of years, not 81 months, and there is no indication in the record that counsel told Petitioner that he would receive an 81-month sentence. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The trial court conducted a proper colloquy. The court reviewed the terms and consequences of the plea, including the minimum and maximum sentence. The court verified that there was no plea or sentencing agreement and Petitioner agreed that he understood the plea and its consequences. Petitioner has not shown that his plea was invalid. Any claim that counsel pressured him into pleading guilty conflicts with his sworn testimony at the plea hearing that he was doing so of his own free will. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

9

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has failed to show that counsel misadvised him or was otherwise ineffective.

Lastly, the Court notes that Petitioner is not entitled to relief on any claim that the government breached a plea or sentencing agreement. In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* only applies to promises that induce a defendant to enter the plea. *Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). The appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *Santobello*, 404 U.S. at 263. The appropriate remedy is within the trial court's discretion, *id.*, the Constitution does not require specific performance, *Mabry*, 467 U.S. at 510 n.11.

Petitioner has not shown that the government breached any promise or agreement. While an 81-month sentence was mentioned during the plea hearing, there is no evidence that the prosecutor, the trial court, or defense counsel promised Petitioner that he would receive such a sentence. The trial court explained that there was no plea or sentencing agreement and that the minimum sentence was for a term of years and the maximum sentence was life in prison. The written plea form reflects the same. The record thus demonstrates that there was no plea or sentencing agreement. Petitioner has failed to establish a *Santobello* violation, or any other violation of his constitutional rights with regard to his plea. Habeas relief is not warranted.

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

C.	**Sentencing Claims**

Petitioner also asserts that he is entitled to habeas relief because the trial court mis-scored his sentencing guidelines and relied upon inaccurate information. He further asserts that the trial court relied upon facts neither admitted by him nor proven beyond a reasonable doubt and that defense counsel was ineffective for failing to raise such issues.

As to the sentencing issues raised on direct appeal, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order. As to the issues first raised on collateral review, the state trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3) (failure to establish prejudice) and the Michigan appellate courts similarly denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[3] As an initial matter, the Court notes that Petitioner's sentence is within the statutory maximum of life imprisonment. *See* MICH. COMP. LAWS §§ 750.529a, 769.11. A sentence within the statutory limit is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such showing. His sentence is within the statutory maximum set by state law.

---

[3]The Court would reach the same result under a *de novo* standard of review.

11

Moreover, Petitioner cannot prevail on his claim that the trial court erred in scoring certain offense or prior record variables under the state sentencing guidelines. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Any error in scoring the variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the trial court considered the circumstances of the crime, the pre-sentence reports, Petitioner's history, and other

12

permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports and make a statement at sentencing. Petitioner has not shown that the court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Moreover, even if Petitioner states a cognizable claim, he has not shown that the state court erred in scoring the guidelines. Offense Variable 19 was properly scored at 10 points for interfering with the administration of justice based upon his flight from police. *See* MICH. COMP. LAWS § 777.49(c); *People v. McIntosh*, _ N.W.2d _, _ Mich. App. _, 2013 WL 1316724, *5 (April 2, 2013). Prior Record Variable 7 was scored at 20 points based upon his concurrent federal convictions for bank robbery and weapons offenses. *See* MICH. COMP. LAWS § 777.57(1)(a). Those federal convictions do not fall within the exception for consecutive state sentencing. *See* MICH. COMP. LAWS § 777.57(2)(c). Prior Record Variable 4 was scored at two points because Petitioner had one prior low severity juvenile adjudication. *See* MICH. COMP. LAWS § 777.54. There is no exclusion for that prior offense under MICH. COMP. LAWS § 777.50 because from his juvenile adjudication to his current offense, he did not have a 10-year gap between a discharge date and a subsequent offense commission date that would cut off his prior convictions or juvenile adjudication.[4] *See* MICH. COMP. LAWS § 777.50; *People v. Billings*, 283 Mich. App. 538, 551-52, 770 N.W.2d 893 (2009). Petitioner has failed to establish an error, let alone a constitutional violation, in the scoring of the guidelines.

---

[4]State court records show that Petitioner was born in 1970 and that he was convicted of a state drug offense in 1990 and a prison-based drug offense in 1991. Federal court records indicate that he was released from state prison in 2001. The instant offense occurred in 2003.

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

Petitioner also asserts that the trial court improperly relied upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence and cites *Blakely v. Washington*, 542 U.S. 296 (2004). However, the United States Court of Appeals for the Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute. *See Montes v. Trombley*, 599 F.3d 490, 494–98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009); *see also People v. Drohan*, 475 Mich. 140, 160–61, 715 N.W.2d 778 (Mich. 2006). This Court is bound by the Sixth Circuit's decisions. Because Petitioner's sentence is within the statutory maximum penalty, which was not enhanced by judicial fact-finding, no Sixth Amendment or due process violation occurred.

Lastly, Petitioner asserts that trial and appellate counsel were ineffective for failing to properly challenge his sentence. In order to establish ineffective assistance of counsel, a habeas petitioner must satisfy *Strickland*'s two-part test of showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. As noted, judicial scrutiny of counsel's performance is "highly deferential," *id*. at 689, and the defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Given the state court decisions and this Court's determination that the foregoing claims lack merit, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to argue a meritless position. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is not warranted.

14

Daniel Burch v. Becky Clay and Bill Schuette
Case No. 2:11-CV-10427

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted.

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 24, 2013         United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 24, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

15